UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
CAMILO VELEZ and JULISSA ANDERSON,

                            Plaintiffs,

          -against-

CITY OF NEW YORK; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                            Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiffs demand a trial by jury in this action.

## **PARTIES**

6.  Plaintiff Camilo Velez ("Mr. Velez") is a resident of Kings County in the City and State of New York.

7.  Plaintiff Julissa Anderson ("Ms. Anderson") is a resident of Kings County in the City and State of New York.

8.  Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.  At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiffs do not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. At approximately 7:30 a.m. on July 11, 2013, Mr. Velez was lawfully in apartment 2R at 831 Monroe Street in Brooklyn, New York.

13. Mr. Velez' friend, Ms. Anderson, was staying at the abovementioned apartment overnight at the time in question.

14. Defendants entered the apartment and, without probable cause or reasonable suspicion to believe plaintiffs had committed any crime or offense, arrested plaintiffs.

15. Mr. Velez and Ms. Anderson were unlawfully searched and no contraband was recovered.

16. Plaintiffs were handcuffed and taken to the 81st Precinct.

17. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiffs commit a crime.

18. At no point did the officers observe plaintiffs commit a crime.

19. Mr. Velez was taken to Brooklyn Central Booking and, after approximately 15 hours in custody, was released without ever seeing a judge.

20. Ms. Anderson was also taken to Central Booking and released after several hours without ever seeing a judge.

21. Upon information and belief, the District Attorney declined to prosecute plaintiffs.

22. Mr. Velez and Ms. Anderson suffered damage as a result of defendants' actions. Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, anxiety, embarrassment, humiliation, and damage to their reputations.

## FIRST CLAIM
### Unlawful Stop and Search

23. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

24. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiffs without reasonable suspicion.

25. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

26. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

27. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

28.  As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

### THIRD CLAIM
### Failure To Intervene

29.  Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

30.  Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

31.  Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

32.  As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

### FOURTH CLAIM
### *Monell*

33.  Defendant City of New York, through its NYPD, has a formal policy of executing purported searching warrants and arresting everyone present inside the searched premises.  Even when defendants lack individualized probable cause.

34.  This policy directly caused the Constitutional violations set forth herein.

35. As part of its policy the City, through its police department, trains its officers to arrest individuals without probable cause and is indifferent to the consequences.

36. The City is aware that this policy is unlawful and results in the arrest of innocent people and is indifferent to the consequences.

37. This policy was the moving force behind plaintiffs' injuries.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:  December 30, 2013
        New York, New York

                                            HARVIS WRIGHT & FETT LLP

                                            _____
                                            Baree N. Fett
                                            305 Broadway, 14th Floor
                                            New York, New York 10007
                                            (212) 323-6880
                                            bfett@hwandf.com

                                            *Attorneys for plaintiffs*